CASE 21.—SUIT BETWEEN W. E. LITTERAL AND F. P.
    BLAIR, CLERK.—June 17, 1910.

## Litteral v. Blair.

Appeal from Johnson Circuit Court.

A. J. KIRK, Circuit Judge.

From the judgment plaintiff appeals.—Affirmed.

1.  Constitutional Law—Departments of Government—Judicial
    Power.—The arrangement of the sessions of the circuit court
    in a judicial district so as to give each county its constitu-
    tional session of court is a matter for the Legislature, and
    not for the courts; they only having power to pass upon the
    validity of the statute enacted for that purpose.

2.  Statutes—Construction—Certainty.—The act approved March
    21, 1904 (Acts 1904, c. 51, sec. 4), provided that in the Twenty-
    Fourth judicial district court should be held in P. county for
    3 terms of 24 juridical days each, commencing on the first
    Monday in February, May, and October, in J. county for 3
    terms of 24 days each, commencing on the first Monday suc-
    ceeding the termination of the P. county term, and in M.
    county for 3 terms of 24 days each, commencing the first Mon-
    day following the termination of the J. county term. Line 3
    of paragraph 2 of the section related to the number of court
    days in P. county, line 8 to the number of days in M. county,
    and line 6 in paragraph 3, gave F. county, which was in the
    Thirty-First district, a term of 18 days. The act was amend-
    ed at the last legislative session by section 1 of the amending
    act, providing that it should be amended by striking the
    word "twenty-four" in the third line of paragraph 2, and sub-
    stituting therefor the word "thirty-six" and by striking the
    word "twenty-four" in line 8 of paragraph 2 and substituting
    the word "eighteen," and by striking the word "eighteen" in
    line 6 of paragraph 3, and substituting therefor the word
    "twenty-four," so that the paragraphs should read as fol-
    lows: "Sec. 2, Twenty-Fourth district, P. county, on the
    third Monday in February, April and September and continue
    forty-two juridical days each term; J. county on the first

Litteral v. Blair.

Monday succeeding the termination of the P. county term and to continue twenty-four juridical days; M. county on the first Monday succeeding the J. terms and to continue twelve juridical days each term." "Sec. 3 of the amending act gave F. county three terms of twenty-four juridical days each." Held, that, while the court sessions could be arranged so as to give P. county 3 terms of 42 days, J. county 3 terms of 24 days each, and M. county 3 terms of 18 days each, the amending act had failed to do so, and had not left sufficient time between P. county terms to hold the terms required by law for other counties, so that it was void for uncertainty as to length of the term for P. and J. counties.

3. Courts—Terms—Statutes.—The amending act was also void for depriving M. county of one of its constitutional terms of court contrary to Const. section 131, giving each county three terms of court.

VAUGHN, HOWES & HOWES, C. B. WHEELER, J. H. WELLS and FINLEY E. FOGG for appellant.

J. F. BAILEY, D. J. WHEELER and J. P. WELLS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The Twenty-fourth judicial district is composed of the counties of Pike, Johnson and Martin. In 1904 the Legislature passed an act (Acts 1904, c. 51) fixing the time for holding court in the respective counties in said district as follows: For Pike county, 3 terms of 24 juridical days each, commencing on the first Monday in February, May, and October; for Johnson county, 3 terms of 24 juridical days each, commencing on the first Monday succeeding the termination of the Pike county term; and for Martin county, 3 terms of 24 juridical days each, commencing on the first Monday following the termination of the Johnson county term. It was found that the business in Pike county was such that it could not be disposed of in the time allotted to that court, and ac-

cordingly the Legislature at its last session passed an act changing the time of holding the court in said district, with a view of remedying the trouble, and gave to the Pike circuit court a longer term. Under an emergency clause, this law became operative upon its approval by the Governor.

In attempting to put the law into effect, it was found that it was so drawn as to be incapable of enforcement, because, under its provisions, Martin county is entirely deprived of one term of court, and the first term of court for Johnson county provided for in said act is reduced to 6 days, when the act provides that it shall have 24. Suit was instituted in the Johnson circuit court to test the validity of the act. The trial judge, upon consideration, was of opinion that it was inoperative and void for the indefiniteness and uncertainty as to the provisions of said act relative to all the counties; and, as to the county of Martin, it was void for the further reason that it made provision only for two terms of court, whereas, under section 131 of the Constitution, provision should have been made for three terms.

The act in question, omitting the title and enacting clause, is as follows:

"Section 1. That paragraphs two and three of section four of an act approved March 21, 1904, entitled 'An act creating the Thirty-first district of Kentucky, fixing the time of holding the courts thereof, providing for the election of circuit judge and a commonwealth's attorney, and changing the Twenty-Third and Twenty-fourth districts of Kentucky so as to provide for the said Thirty-first district, and fixing the time for holding the courts in the said Twenty-third and Twenty-fourth districts;' and being that

part of said act fixing the terms of court in said Twenty-fourth and Thirty-first districts, be, and the same is hereby, amended by striking out the word 'twenty-fourth' in the third line of paragraph two and substituting therefor the word 'thirty-six' and by striking out the word 'twenty-four' in line eight, of said paragraph two and substituting the word 'eighteen,' and also by striking out the word 'eighteen' in line six of paragraph three and substituting therefor the word 'twenty-four,' so that said paragraphs two and three of said act, as so amended, shall be as follows:

"Sec. 2. Twenty-fourth district, Pike county, on the third Monday in February, April and September, and continue forty-two juridical days each term; Johnson county at Paintsville, on the first Mondays succeeding the termination of the Pike terms and continue twenty-four juridical days; Martin county at Inez, on the first Mondays succeeding the Johnson terms and continue twelve juridical days each term.

"Sec. 3. Thirty-first district, Magoffin county, at Salyersville on the first Monday in February, first Monday in June, and first Monday in October, and continue eighteen juridical days each term. Floyd county at Prestonsburg on the Mondays succeeding the termination of each Magoffin term, and continue twenty-four juridical days each term. Knott county at Hindman on Mondays succeeding the termination of each Floyd term and continue eighteen juridical days each term.

"Sec. 4. Whereas, litigation has greatly increased in the counties of Floyd and Pike, and the dockets of said courts are congested, and the length of terms provided for said courts is insufficient to dispose of the litigation in said counties, and there are many

cases that should be tried, an emergency is declared to exist, and this act shall take effect from its passage.''

·This act was intended to amend the act passed in 1904, fixing the time for holding said courts. It will be observed that in the first clause thereof provision is made for striking out the word ''twenty-four'' and substituting in its stead the word ''thirty-six,'' in reference to Pike county, and that in the clause as re-enacted Pike county is given 42 instead of 36 days, as set out in the repealing clause of the act under consideration. In lieu of the 24 days originally allotted to Johnson county, provision is made in the bill under consideration for 18 days for said county, but, in the enacting clause, it is again given 24 days, as in the old act. The terms of court in Pike county are made to commence on the third Monday in February, April, and September, and there are, therefore, but 48 juridical days between the February term of court for Pike county and the April term of court for Pike county, and between these dates the act attempts to provide for a term of court for Pike county and a term of court of 24 days in Johnson county and 12 days in Martin county. Now, whether we accept the term of Pike county at 36 days, as provided for in the repealing clause, or at 42 days, as provided for in the re-enacting clause, there would not remain the allotted time for holding the Johnson circuit court. If 36 days is accepted as the correct term for Pike county, there would remain 12 days in which to hold the Johnson circuit court, and no time whatever for Martin county; whereas, if the 42 days, provided for in the re-enacting clause, is accepted as the proper length of the term for the Pike circuit court, there would be left only 6 days of the term provided for

Johnson county, and no time whatever for Martin county.

The bill is so carelessly drawn that it is impossible to determine just what its author intended, further than that in each clause it is apparent that it was desired to increase the length of the term of the Pike circuit court. Therefore the first term of said court had commenced on the first Monday in February, and the second term had commenced on the first Monday in May. Under the present act, the first term is made to commence two weeks later in February and the second term one week earlier than the old act provided. So that, while the Legislature was attempting to lengthen the term of court, it shortened the time between those two terms to such an extent that it is a mathematical impossibility to hold the courts according to the provisions of the act. Nor can the most liberal construction conceivable render this act operative. The sessions of the court can be so arranged as to give Pike county 3 terms of 42 days each, Johnson county 3 terms of 24 days each, and Martin county 3 terms of 18 days each, as such an allotment of time would only consume 252 days out of the year. But such an arrangement is a matter that must be looked after by the Legislature, and not by the court. The court can merely consider the validity of the act as passed by the Legislature.

The trial court correctly held that because its provisions were indefinite and uncertain as to the length of the terms of court for Pike and Johnson counties, and clearly deprived Martin county of one of its constitutional terms of court, the act was inoperative and void in so far as the Twenty-fourth judicial district is concerned. The validity of so much of the act as applies to the Thirty-first judicial is not before us, and it not considered.

Judgment affirmed.